THE STATE OF IOWA, Appellee, v. RICHARD MARTIN, Appellant.

125  715
127  405

**Indecent exposure:** INDICTMENT. An indictment which charges an offense in the language of the statute is sufficient, where the statutory definition states the material facts constituting the unlawful act. Under this rule, an indictment charging that defendant did unlawfuly and indecently make an open and indecent exposure of his person in a highway in a certain county in the presence of a certain female not his wife, each of them being unmarried, is good.

**Indecent exposure.** One who exposes his person at a time and place where he is liable to be seen by others, is guilty of the offense of indecent exposure, regardless of whether the exposure was actually seen or not.

**Same.** The fact that an indecent exposure made in the presence of a woman was with her consent, does not affect the criminality of the act.

*Appeal from Winneshiek District Court.* — HON. A. N. HOBSON, Judge.

TUESDAY, DECEMBER 13, 1904.

INDICTMENT for indecent exposure. Verdict and judgment of guilty, and defendant appeals.— *Affirmed.*

*E. W. Cutting and F. S. Burling,* for appellant

*C. W. Mullan, Attorney General,* and *L. De Graff, Assistant Attorney General,* for the State.

WEAVER, J.— The indictment charges that defendant did " unlawfully, wilfully, and designedly make an open, indecent exposure of his person in a public place, to-wit, a public highway in Winneshiek county, in the State of Iowa, in the presence of one Agnes Haugen, a female then and there being, the said defendant Richard Martin and Agnes Haugen not being married to each other, and each of them being unmarried." By exception to the instructions given to the jury, and by motion in arrest of judgment, the appellant attacked the sufficiency of the indictment, and the question thus raised is the principal one upon which a reversal is demanded.

1. INDECENT EXPOSURE: indictment.

It is said the indictment does not charge that any one saw the indecent exhibition, or that it was made with the intent that any one should see it, or that the exposure was made under circumstances when it was possible that any one should see it, or that it was in public, or without the consent of the woman named. It is also said that the allegations may be literally true, and yet the appellant and the woman may have been miles apart, and may have been ignorant of one another's presence upon the public road; that defendant may have been entirely alone, or the alleged exhibition may have been in the darkness of night and without evil intent. It is to be conceded that, if this indictment

is to be construed with all the technical strictness which mark the earlier authorities, some of the criticisms made upon it might be held well founded. But the technical exactness of the common law, which had its origin at a time when the accused could not be heard by counsel or testify as a witness in his own behalf, has been to a great extent removed by statutory provisions, and by the general tendency of the courts to disregard objections which go to matters of mere form and not of substantial right. Our statute, so far as it is here applicable, provides that the indictment shall be held sufficient if the act charged is " stated in ordinary and concise language with such certainty and in such manner, as to enable a person of common understanding to know what is intended and the court to pronounce judgment according to law upon conviction." Code, section 5289. It also provides that no indictment shall be held insufficient because of any matter " which was formerly deemed a defect or imperfection but which does not tend to prejudice the substantial rights of the defendant upon the merits." Code, section 5290. See, also, *State v. Shunka,* 116 Iowa, 206; *State v. Fisher,* 106 Iowa, 658; *State v. Thompson,* 19 Iowa, 299; *State v. Johnson,* 26 Iowa, 407. Acting upon this principle, we have uniformly held that an indictment which charges an offense in the language of the statute is sufficient in all cases where the statutory definition states the material facts constituting the unlawful act *State v. Shaw,* 35 Iowa, 575; *State v. Smith,* 46 Iowa, 672; *State v. Curran,* 51 Iowa, 113; *State v. Brewer,* 53 Iowa, 735; *State v. Whalen,* 98 Iowa, 662; *State v. Porter,* 105 Iowa, 677, and the indictment before us follows this rule. That a charge of indecent exposure falls within this class of cases was expressly held by us in *State v. Bauguess,* 106 Iowa, 107. The indictment there approved charged that the defendant " did wilfully, unlawfully, and designedly make an open, indecent, and obscene exposure of his person in a public place, to-wit, at or near Pine street, on the north side

of Sixth street, in the city of Fort Madison." This description is certainly not less general or uncertain than is contained in the indictment before us. No intelligent person reading this charge can have any doubt as to the meaning of the words here employed, and common decency and propriety forbid the setting forth of disgusting details which are merely evidentiary in character.

The objection made, that the indictment does not show that the woman saw the indecent exposure of defendant's person, or that such exposure was without her consent, cannot be sustained. It will be observed that the crime as defined by the statute does not require that the exposure shall be made in the actual sight of any person, and in the Bauguess Case we expressed the view that " if a case should be made by confession, corroborated by circumstances, a defendant might properly be convicted of this offense, although no person witnessed the indecent act." It does not follow from this rule that one who uncovers his person in the privacy of his own apartment, or other place where there is no reason to suppose that his act may offend the sensibilities of others, is guilty of a crime. The words " indecent exposure " clearly imply that the act is either in the actual presence and sight of others, or is in such a place or under such circumstances that the exhibition is liable to be seen by others, and is presumably made for that purpose, or with reckless and criminal disregard of the decencies of life. A person, if so inclined, may dress himself in nothing more substantial than the innocence of Eden, provided he does not " expose " himself in that condition. The exposure becomes " indecent " only when he indulges in such practices at a time and place where, as a reasonable person, he knows, or ought to know, his act is open to the observation of others. *Van Houten v. State,* 46 N. J. Law, 16 (50 Am. Rep. 397). See, also, *Laney v. State,* 105 Ala. 105 (17 South. Rep. 107); *Yancey v. State,* 63 Ala. 141; *State v. Roper,* 18 N. C. 208.

2. INDECENT EXPOSURE.

Neither is there any merit in the contention of the appellant that the act charged is not alleged to have been done without the consent of the woman in whose presence the exposure is said to have been made.    Assuming the exposure to have been made, the consent of the woman would not take away or affect its criminal character.    The offense charged is not against the woman merely, but against organized society — the State — and is none the less heinous because of the consent of the observer. *People v. Bixby,* 67 Barb. 221 (s. c. 4 Hun, 636).    We think the indictment sufficient, and that the motion in arrest based thereon was properly overruled.

3. SAME.

We find no error in the instructions given by the court. It was the theory of the defense that at the time of the alleged offense defendant was so badly intoxicated as to be incapable of a criminal intent.    The instruction given upon this point is perhaps not so full as is ordinarily given, but we think it substantially embodies the rule as approved by this court.    *State v. Donovan,* 61 Iowa, 369; *State v. Conners,* 95 Iowa, 485; *State v. Desmond,* 109 Iowa, 72; *State v. Pasnau,* 118 Iowa, 501.

Without further prolonging the discussion, we have to say that after a careful examination of the entire record we find no prejudicial error, and the judgment of the district court is *affirmed.*