THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MORRIS BERG, Appellant.

Second Department, June 22, 1934.

*Alexander Lindey* [*Leon Berg* with him on the brief], for the appellant.

*Mordecai Konowitz, Assistant District Attorney* [*Charles S. Colden, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. It is admitted that the defendant loaned for a consideration a certain book. He was charged in the information with the crime of having in his possession, with intent to lend, an " obscene, lewd, lascivious, filthy, indecent and disgusting book " in violation of the provisions of section 1141 of the Penal Law.

On trial in Special Sessions the defendant was convicted and was sentenced to pay a fine of $100 or serve twenty days in the city prison in default of payment. It is said that defendant paid the fine.

The principal facts are not in dispute and the only issue is whether or not the book, as a mixed question of law and fact, falls within the condemnation of the statute as stated in the words of the information. Copies of the book were furnished on the argument for our examination in connection with making a judicial determination. It has been read. We can think of no reason any person of reasonably clean mind would have to read the book other than that arising by the imposition of a duty.

We have no purpose to excite the curiosity of the prurient by naming the book — as might be desired by those interested in its publication and sale. It is sufficient to say that it is fully and completely of the type that the language of the statute condemns in article 106 of the Penal Law as a result of legislative effort to forbid indecency in different forms. In addition it lacks literary merit. It teaches no lesson and points no moral. It describes no period of history and the people or characters of that time and their conduct and habits of life — such, for instance, as the " Elizabethan Age; " and no folk lore or tales of primitive people living in isolated regions. We cannot believe that the story is one even possibly true or representative of any individual or of any limited class. In our opinion it is obscene, lewd, lascivious and disgusting, and nothing more; and was so intended to be for purely mercenary purposes.

But we are told that the intent and purpose of the Legislature in enacting the statute has been whittled away by judicial interpretation; and that in these changing times former notions of propriety and decency have in many respects been discarded. All this may be true, and there is considerable practical evidence to support that view. In brief and argument certain books have been called to our attention which contain vulgarity, coarseness, free use of profanity, and details of loose moral conduct on the part of characters described therein — all expressed in what appellant's counsel calls " forthright language; " and yet the courts have held that their sale or circulation did not offend against the statute. Chiefly, judicial opinions in such cases have dealt at length with books determined not to be obscene, with no clear standard given for determining obscenity and indecency. But from those opinions where a clean certificate of character has been given to questioned books there does emerge, somewhat hazily, the rule that an obscene book is one that " tends to corrupt the morals of youth," or " to

lower the standards of right and wrong specifically as to the sexual relation." To be deemed obscene it must show " sexual impurity " and result in " the exciting of lustful and lecherous thoughts and desires " or tend " to stir sex impulses or to lead to sexually impure thoughts." The application of these standards in any particular case must in large measure depend upon the enlightened and discriminating reaction of the judicial mind. Applying these tests to the book in question here, we say that in our judgment the book falls within the class outlined by these standards as well as that condemned by the more precise and definite language of the statute. Filth, however it may be bedizened or its grossness concealed, must remain plain filth in all ages.

The judgment of conviction should be affirmed.

Present — LAZANSKY, P. J., YOUNG, KAPPER, TOMPKINS and DAVIS, JJ.

Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens, unanimously affirmed.