THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TERENCE A. BRADY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THE YONKERS RECORD CORPORATION, Appellant.— Judgment of conviction of the two defendants, rendered on the verdict of a jury, of the crime of unlawfully printing, publishing and distributing an obscene, lewd, lascivious, filthy, indecent and disgusting newspaper — ten counts — unanimously affirmed. (See *People* v. *Berg*, 241 App. Div. 543; affd., 269 N. Y. 514.) Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE DAGNESE, True Name CARMINE LAGNESE, Appellant.— Judgment of the County Court of Kings county, convicting defendant of the crime of robbery in the first degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HOH, Appellant. — Appeal from a judgment of the County Court of Queens county convicting the defendant of the crime of violating section 1053-a of the Penal Law (criminal negligence in the operation of a motor vehicle resulting in death). Judgment of conviction reversed on the law and a new trial ordered. " Culpable negligence " was practically the sole contested issue. The defendant was entitled to clear instructions on that issue. The jury should have been clearly informed of its meaning and the standards of proof required should have been fully explained. (*People* v. *Angelo*, 246 N. Y. 451; *People* v. *Pace*, 220 App. Div. 495; *People* v. *Grogan*, 260 N. Y. 138.) This was not done. Furthermore, it was error to permit the police officer to give his opinion as to the fitness of the defendant to drive an automobile. The appeal from the order denying the motion for a new trial is dismissed. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.