THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DIAL PRESS, INCORPORATED, Defendant.

City Magistrate's Court of New York, Staten Island Court, Borough of Richmond, May 29, 1944.

*John S. Sumner,* Secretary of Society for Suppression of Vice, for plaintiff.

*Horace S. Manges* for defendant.

KEUTGEN, C. M. (orally). The complaint in this case charges the defendant corporation, the Dial Press, Incorporated, with publishing and having in its possession with intent to sell an obscene book entitled " The First Lady Chatterly " by D. H. Lawrence.

The defendant demanded a hearing in this court. At the hearing it was proved by sufficient evidence that the defendant had a considerable number of copies of the book in its possession with intent to sell and the defendant admitted that it published this book. A copy of the book was received in evidence.

The statute which the defendant is accused of violating, section 1141 of the Penal Law, is of complex verbiage. So much of it as is necessary for the decision in this case is as follows: " 1. A person who * * * has in his possession with intent to sell * * * any obscene, lewd, lascivious, filthy, indecent or disgusting book * * * or who * * * publishes * * * any such book * * * is guilty of a misdemeanor ".

In the application of this statute, the People contend that I may not resort to the statement of the rule given by the United States Circuit Court of Appeals in the second circuit for the reason that the case which that court was dealing with came under the customs law which forbade the importation of an obscene book without using the other words quoted.

I have plodded through the definitions in two dictionaries of the several words used and I have come to the conclusion that each of these words is synonymous with the others and that the real intent and meaning of each of these words and all of them is that the ban is against the publication of a book which contravenes the moral law and which tends to subvert respect for decency and morality. I am therefore guided by the rule as stated in *United States* v. *One Book Entitled Ulysses* (72 F. 2d 705) and I feel authorized to accept that rule, more particularly because the courts of the State of New York, in making decisions, have acted upon that rule, although they have not said the rule in so many words. I refer particularly to: *People* v. *Pesky* (230 App. Div. 200, affd. 254 N. Y. 373); *People* v. *Berg* (241 App. Div. 543, affd. 269 N. Y. 514).

The rule that I gather from these cases is that the whole book must be read and that upon the reading of the entire book, the question to be answered is whether or not the effect of the whole volume is obscene, that is, contrary to the moral law and tending to subvert respect for decency and morality.

The defendant has contended that the literary merit of the particular volume may be considered. For several reasons, it seems to me that the literary merit or demerit of the volume cannot be the criterion. Judges are not trained to be, nor are they, competent literary critics. If judgment in such a case as this will depend upon the determination of the author's skill as a writer, the judicial officer responsible for the enforcement of the statute would have to surrender his own judgment and base his opinion on the opinions of experts who have no responsibility in the premises. More than this, it is easy to imagine a book, let us say, by another Oscar Wilde, clever, scintillating, even brilliant in its writing and utterly foul and disgusting in its central theme and dominating effect.

Considering the book which is here before the court, as a whole, it purports to tell a story. The scene is laid in the English Midlands within an hour by auto of Sheffield. The period is 1920 to 1921 and the time in which the story runs is less than a year, from the late fall of 1920 to the pheasant season of 1921.

The author's own summary of the situation of his heroine, Lady Constance Chatterly, cannot be improved upon in respect to brevity and therefore is quoted — this is taken from page three of the volume:

" She married Clifford Chatterly in 1917 when he was home on leave. They had a month of honeymoon, and he went back to France. In 1918, he was very badly wounded, brought home a wreck. She was 23 years old.

" After two years, he was restored to comparative health. But the lower part of his body was paralyzed forever."

And further on page six:

" He could never be a husband to her. She lived with him like a married nun, a sister of Christ. It was more than that, too. For of course, they had had a month of real marriage. And Clifford knew that in her nature was a heavy, craving, physical desire. He knew."

There follows what cannot be called a love story without distorting that term. The author proceeds to recount a series of acts of sexual intercourse which take place between the heroine and her husband's gamekeeper, one Oliver Parkin, which result in the lady's becoming pregnant. The story ends at the point where she is three months' pregnant and is making up her mind to leave her husband and flee to the physical delights of life with Parkin. Hung lightly over this story, like the diaphanous veil over the naked body of a dancer, there are certain dialogues between Constance and Parkin regarding the difference in social caste between them. These are of minor importance. They call attention only to the one thing which restrains the heroine from going to live with Parkin earlier, the thought that she will have to give up the luxury of her husband's home. No moral considerations whatever enter into her thinking and she repeatedly proclaims that she is proud of what she is doing.

The author's central theme and the dominant effect of the whole book is that it is dangerous to the physical and mental health of a young woman to remain continent (pp. 12, 22, 23, 24, 26, 27, 32, 33, 35, 36) and that the most important thing in her life, more important than any rule of law or morals, is the gratification of her sexual desire (pp. 191–193, and the last paragraph, page 320).

The book is clearly obscene and the defendant will be held for the Court of Special Sessions.