**In the Matter of the WELFARE OF C.S.K., Child.**

**No. C1–88–1594.**

Court of Appeals of Minnesota.

Dec. 20, 1988.

Jay W. Liedman, Willmar, for appellant child.

Michael Q. Lynch, Kandiyohi County Atty., Willmar, for respondent County.

Richard Hoglund, Guardian Ad Litem's Office, Willmar, guardian ad litem of the Child.

Considered and decided by HUSPENI, P.J., and KALITOWSKI and BOWEN *, JJ., without oral argument.

## OPINION

ROBERT E. BOWEN, Judge.

C.S.K., a juvenile, appeals the trial court's order adjudging him delinquent based on its determination that he violated Minn.Stat. §§ 609.345, subd. 1(c) (Supp. 1987) (criminal sexual conduct in the fourth degree) and 617.23 (1986) (indecent exposure). Appellant argues the evidence does not establish beyond a reasonable doubt that he committed fourth degree criminal sexual conduct. As to the exposure charge, he argues he exposed himself in the presence of only one other person and that, as a matter of law, there must be at least two other persons present for the crime of indecent exposure to be committed.

## FACTS

At the time of the alleged violations, appellant was residing with the complainant and her family, complainant's parents having agreed to temporarily care for appellant as foster parents. Complainant, age 14, testified that appellant, then 16, attempted to get into her bed with her without her consent on a number of occasions. She said he was able to touch her clothes covering her vaginal area and buttocks, and her breasts both over and under her clothes, before she could push him away or otherwise prevail on him to stop. Complainant testified that on at least one occasion the unwelcome touching was accomplished by appellant's holding her hands behind her back while she was lying face down on the bed.

Complainant also claimed that appellant pulled down his pants and intentionally exposed himself to her when they were together in the kitchen. Although complainant said there may have been another person present, the trial court found appellant exposed himself to her alone. Appellant denied ever touching complainant in a sexual manner or exposing himself to her.

The trial court found that appellant had made sexual contact and that such contact was accomplished through force and coercion. It further found that he willfully and lewdly exposed himself to complainant. The trial court thus found appellant had committed the crimes of fourth degree sexual assault and indecent exposure. In a subsequent dispositional hearing, the trial court entered the order adjudging appellant delinquent, from which he now appeals.

## ISSUES

1. Was the evidence sufficient to support the trial court's determination that appellant had sexual or aggressive intent and touched complainant through the use of force or coercion?

·2. Did the trial court err in determining that exposure occurring in a private place

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

constituted crime of indecent exposure where only one other person was present?

## ANALYSIS

### I.

A person commits criminal sexual conduct in the fourth degree if that person accomplishes sexual contact through the use of force or coercion. Minn.Stat. § 609.345, subd. 1(c). Appellant claims that any contact with complainant was in the manner of rough-housing and not "sexual contact." Secondly, he claims even if the contact was sexual, it was not accomplished through force or coercion.

Touching of a complainant's intimate parts, either over or under the clothing, constitutes sexual contact if it is done with sexual or aggressive intent. Minn. Stat. § 609.341, subd. 11(a) (Supp.1987). Viewing the evidence in the light most favorable to the state, as we must, *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978), we conclude the evidence supports the trial court's finding that appellant had sexual or aggressive intent in making contact with complainant. Complainant testified she believed appellant was not simply rough-housing with her; moreover, it is difficult to believe appellant's repeated attempts to touch complainant's intimate parts could be anything but sexually or aggressively motivated.

We also find ample support for the finding that the contact was accomplished through coercion. Coercion is defined as

> words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon, or hold in confinement, the complainant or another, or force the complainant to submit to sexual penetration or contact, but proof of coercion does not require proof of a specific act or threat.

Minn.Stat. § 609.341, subd. 14 (Supp.1987). Certainly, appellant's holding complainant's hands behind her back while she lay face down on her bed were such "circumstances that * * * force[d] the complainant to submit to sexual * * * contact" against her will. *Id.* We thus reject appellant's claim that his touching complainant was not a violation simply because complainant did not actually fear he would physically harm her.

### II.

> Every person who shall willfully and lewdly expose the person's body, or the private parts thereof, in any public place, or in any place where others are present, * * * shall be guilty of a misdemeanor * * *.

Minn.Stat. § 617.23. The kitchen where the exposure occurred is not a public place. Consequently, appellant argues that *others*, i.e. more than one other person, had to be present for his exposure to have been a violation. We disagree.

Unless such construction is inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute, words in a statute are construed such that the singular includes the plural; and the plural, the singular. Minn.Stat. § 645.08(2) (1986). In this case, construing the term "others" to include the singular does not thwart the manifest intent of the legislature, nor is it repugnant to the context of the statute. From a victim's perspective, an indecent exposure is no less offensive or disturbing simply because there are no other witnesses about. Indeed, the experience can be even more intimidating to the lone victim who knows the defendant's action is directed entirely toward him or her.

Appellant argues that if private exposure to one person is prohibited, then the statute could be construed to prohibit consensual intimate behavior. This argument is meritless because for exposure to be criminal, it must be done with the deliberate intent of being indecent or lewd. *State v. Peery*, 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947). The *Peery* court cited with approval the rule that one is not guilty where the exposure is "in the privacy of [one's] own apartment, or other place where there is no reason to suppose that [one's] act *may offend the sensibilities of others* * * *." *Id.* (emphasis added) (quot-

ing *State v. Martin*, 125 Iowa 715, 718, 101 N.W. 637, 638 (1904)). Because intent to offend the sensibilities of others is an element of the crime, private consensual exposure is not prohibited by the indecent exposure law.

## DECISION

The trial court's order adjudging appellant delinquent is affirmed.

Affirmed.