STATE of Minnesota, Appellant,

v.

Michael Albert SCHRAMEL, (C2–98–147), Paul Martin Lockwood, (C4–98–148), Keith Alan Berard, (C6–98–149), Stefanie Kaye Duncan, (C2–98–150),Cassandra Veronica Branch, (C4–98–151), Steven Gary Isaacson, (C6–98–152), Jennifer Lynn Revak, (C8–98–153), Respondents.

Nos. C2–98–147, C2–98–148, C8–98–149, C4–98–150, C4–98–151, C6–98–152, C6–98–153.

Court of Appeals of Minnesota.

July 21, 1998.

Review Denied Sept. 22, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul, for appellant.

Roger S. Van Heel, Stearns County Attorney, Daniel A. Benson, Assistant County Attorney, St. Cloud, for appellant.

Randall D.B. Tigue, Randall Tigue Law Offices P.A., Minneapolis, for respondents.

Considered and decided by LANSING, P.J., and PETERSON and FOLEY, JJ.*

## OPINION

PETERSON, Judge.

Appellant state of Minnesota appeals from a district court order dismissing charges of indecent exposure filed against respondents and suppressing evidence seized from respondent Cassandra Branch. We reverse.

## FACTS

On February 8, 1997, three BCA agents and a Stearns County investigator entered the Bottoms Up Club, a nude dance club and bar. The officers observed nude female dancers performing on a dance platform. Several patrons placed money on the dance platform, which prompted the dancers to approach those patrons and either rub their bare breasts on the face or head of the patron or wrap their legs around the patron's head. The officers arrested the dancers and patrons that they saw participating in these "table dances."

Each respondent dancer was charged with willfully and lewdly exposing her private parts in a public place and with engaging in open or gross lewdness or lascivious behavior in a public place. The respondent patrons were charged with engaging in open or gross lewdness or lascivious behavior in a public place. The complaints were later amended to also charge the patrons with procuring another to expose her private parts or en-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

gage in gross lewdness or lascivious behavior.

Respondent Cassandra Branch was charged with fifth-degree possession of cocaine based on the seizure of cocaine found in her wallet during a search incident to her arrest. The district court granted the respondents' joint motion to dismiss the indecent exposure charges for lack of probable cause. The court also concluded that the cocaine found in Branch's wallet was inadmissible evidence of the charged drug offense and dismissed the drug charge because there was no other evidence to support the charge.

## ISSUES

1. Did the district court clearly err in dismissing the charges of indecent exposure?

2. Did the district court clearly err in suppressing the cocaine seized from respondent Branch?

## ANALYSIS

### I.

To prevail in a pretrial appeal, the state must show clearly and unequivocally that the trial court erred in its judgment, and that the error, if not reversed, will have a critical impact on the outcome of the prosecution. *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987). Because the district court dismissed the charges, it is undisputed that the order will have a critical impact on the prosecution. The issue is whether the district court clearly and unequivocally erred in its judgment that intent to offend the sensibilities of others is an element of an indecent exposure offense. The interpretation of a statute is a question of law subject to de novo review on appeal. *State v. Lindholm*, 557 N.W.2d 601, 602 (Minn.App.1996), *review denied* (Minn. Feb. 26, 1997).

The indecent exposure statute states:

(a) A person is guilty of a misdemeanor who in any public place, or in any place where others are present:

art. VI § 2.

(1) willfully and lewdly exposes the person's body, or the private parts thereof;

(2) procures another to expose private parts; or

(3) engages in any open or gross lewdness or lascivious behavior, or any public indecency other than behavior specified in clause (1) or (2) or this clause.

Minn.Stat. § 617.23(a)(1996).

The district court determined that under *In re Welfare of C.S.K.,* 438 N.W.2d 375 (Minn.App.1988), an intent to offend the sensibilities of the observers is an element of an indecent exposure offense. The district court then determined as a matter of law that because the only people who saw the dancers were patrons, who paid to see them, there was no intent to offend the sensibilities of the observers. The district court concluded that without evidence of this element of the offense, there was not probable cause to proceed with the indecent exposure charges.

In *C.S.K.,* the defendant was charged with exposing himself in a private room where one other person was present. The defendant argued that because the exposure did not occur in a public place, more than one other person had to be present to meet the statutory requirement that the exposure occur in a place where *others* are present. This court applied the rule of statutory construction found in Minn.Stat. § 645.08(2) (1986), that the singular includes the plural, and the plural the singular, and held that the statute prohibits a private exposure to one person.

The *C.S.K.* court then went on to address the defendant's argument that if private exposure to one person is prohibited, the indecent exposure statute could be construed to prohibit consensual intimate behavior. The court found this argument to be meritless because under *State v. Peery,* 224 Minn. 346, 28 N.W.2d 851 (1947),

one is not guilty where the exposure is "in the privacy of [one's] own apartment, or other place where there is no reason to suppose that [one's] act *may offend the sensibilities of others* * * * ."

*C.S.K.,* 438 N.W.2d at 377 (emphasis in original)(quoting *Peery,* 224 Minn. at 351, 28 N.W.2d at 854).

The *C.S.K.* court then concluded:

Because intent to offend the sensibilities of others is an element of the crime, private consensual exposure is not prohibited by the indecent exposure law.

*Id.* at 378.

We recognize that the district court based its decision on this court's conclusion in *C.S.K.,* but we, nevertheless, reverse because it was not necessary for this court to address in *C.S.K.* the hypothetical case of an indecent exposure prosecution based on private, consensual sexual behavior. The court had already rejected the defendant's argument that his nonconsensual exposure was lawful because it did not occur in the presence of more than one other person, 438 N.W.2d at 377, and whether the defendant intended to offend the sensibilities of others was not an issue. Although this court must presume the legislature does not intend an absurd result, it need not address every hypothetical application of a statute. *See Lewellin v. Huber,* 465 N.W.2d 62, 65 (Minn. 1991) (noting that court need not decide statute's application to all possible scenarios); *Salmen v. City of St. Paul,* 281 N.W.2d 355, 361 n. 8 (Minn.1979) (court may presume legislature does not intend an absurd result). We conclude that the *C.S.K.* court's comments regarding *Peery* are dicta.

Furthermore, *Peery* does not support the *C.S.K.* court's conclusion that intent to offend the sensibilities of others is an element of indecent exposure. *Peery* involved accidental exposure allegedly visible through the window of a dormitory room. The defendant testified that although he undressed in his room, and may. at times have neglected to draw the shades, he "was not conscious of passersby" and did not intentionally expose himself to anyone. *Peery,* 28 N.W.2d at 853. In reversing the defendant's conviction for indecent exposure, the *Peery* court stated,

before the offense of indecent exposure can be established, the evidence must be sufficient to sustain a finding that the misconduct complained of was committed with the deliberate intent of being indecent or lewd.

*Id.* at 351, 28 N.W.2d at 854. The court then quoted from *State v. Martin*, 125 Iowa 715, 718, 101 N.W. 637, 638 (1904):

> It does not follow * * * that one who uncovers his person in the privacy of his own apartment, or other place where there is no reason to suppose that his act may offend the sensibilities of others, is guilty of a crime. The words "indecent exposure" clearly imply that the act is either in the actual presence and sight of others, or is in such a place or under such circumstances that the exhibition is liable to be seen by others, and is presumably made for that purpose, or with reckless and criminal disregard of the decencies of life. * * * The exposure becomes "indecent" only when he indulges in such practices at a time and place where, as a reasonable person, he knows, or ought to know, his act is open to the observation of others.

When read in its entirety, this quotation does not support the *C.S.K.* court's conclusion that intent to offend the sensibilities of others is an element of indecent exposure. The phrase, "where there is no reason to suppose that his act may offend the sensibilities of others," is used to distinguish between an exposure that is likely to be seen by others and an exposure that there is no reason to believe will be seen by others; not to distinguish between an intentional exposure intended to offend the sensibilities of others and an intentional exposure that is not intended to offend the sensibilities of others. All that *Peery* holds is that intent to be indecent or lewd is an element of indecent exposure, and one does not have this intent where the exposure is accidental. *Peery* does not hold that exposure intended to be seen by others is not indecent exposure if it is not intended to offend the sensibilities of others.

■ Furthermore, the indecent exposure statute includes only one term referring to the actor's mental state. The statute requires that a person "willfully" expose the person's body or private parts. Minn.Stat. § 617.23(a)(1) (1996). "Willfully" is not among the terms used to denote a specific intent. *State v. Wickstrom*, 405 N.W.2d 1, 6 (Minn.App.1987), *review denied* (Minn. June 30, 1987); *see also State v. Green*, 351 N.W.2d 42, 44 (Minn.App.1984) ("willful" generally means bad purpose or evil intent in statutes involving moral turpitude and in misdemeanor statutes denotes an intentional, as opposed to accidental, act). Thus, there is no language in Minn.Stat. § 617.23 indicating that a specific intent to offend the sensibilities of others is required.[1]

■ A statute must be construed according to its plain language. *See Anker v. Little*, 541 N.W.2d 333, 340 (Minn.App.1995) (holding that if words of statute are unambiguous there is no room for judicial construction), *review denied* (Minn. Feb. 9, 1996). Although a penal statute must be strictly construed, that does not justify a court in supplying restrictive language that is not there. *See State v. Zacher*, 504 N.W.2d 468, 473 (Minn.1993) (holding that the rule of strict construction does not require the court to assign the narrowest possible interpretation to the statute); *State v. Soto*, 378 N.W.2d 625, 627–28 (Minn.1985) (holding that in presence of any doubt, a penal statute is to be strictly construed).

■ The indecent exposure statute requires only a willful and lewd exposure, occurring in a public place or a "place where others are present." Minn.Stat. § 617.23(a) (1996). *Peery* requires that the act of exposure must be committed "with the deliberate intent of being indecent or lewd." *Peery*, 224 Minn. at 351, 28 N.W.2d at 854. The record reflects probable cause to believe that the respondent dancers were "willfully and lewdly" exposing their private parts, with the intent of being indecent or lewd. This exposure allegedly occurred in a public place, visible to many other persons. The display could be willfully and intentionally lewd even if intended to gratify, rather than offend, the audience. *See* Jeffrey C. Narvil, *Revealing the Bare Uncertainties of Indecent Exposure*, 29 Colum. J.L. and Soc. Probs. 85, 100

---

1. The standard jury instruction on indecent exposure does not follow *C.S.K.'s* reading of *Peery*, but rather defines the offense following the statutory language. 10 *Minnesota Practice* CRIMJIG 12.88. No intent to offend others is required. *Id.*

(1995) (noting that lewdness is generally associated with an intent "to arouse the actor sexually or gratify an audience").

## II.

 The state contends that the district court also clearly erred in suppressing the cocaine seized from respondent Branch when she was booked following her arrest for indecent exposure. We agree. The fact that the district court later held the indecent exposure statute inapplicable to Branch's conduct does not make the booking search and the cocaine seized pursuant to it "fruit of the poisonous tree." *See generally Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) (expounding "fruit of the poisonous tree" doctrine requiring suppression of fruits of constitutional violations). Branch has not shown any constitutional violation, as police had probable cause to believe she was violating the indecent exposure statute and failed only to anticipate the judicial construction of that statute.

## DECISION

The district court clearly erred in dismissing the indecent exposure complaints against respondents and in suppressing evidence seized from respondent Branch.

**Reversed.**