**STATE of Minnesota, Respondent,**

v.

**Stephanie K. DUNCAN,
et al., Appellants.**

No. C3–99–703.

Court of Appeals of Minnesota.

Jan. 26, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Roger S. Van Heel, Stearns County Attorney, Daniel A. Benson, Assistant Stearns County Attorney, St. Cloud, MN (for respondent).

Randall D.B. Tigue, Randall Tigue Law Office, P.A., Minneapolis, MN (for appellants).

Considered and decided by SHORT, Presiding Judge, CRIPPEN, Judge, and HOLTAN,* Judge.

## OPINION

CRIPPEN, Judge.

Appellants, nude dancers and patrons of a nude dancing bar, were convicted of violating Minnesota's indecent conduct statute, specifically for engaging in "any open or gross lewdness or lascivious behavior, or any public indecency" in public. Minn.Stat. § 617.23(a)(3) (1996). On appeal, they challenge the constitutionality of the governing statute as applied to them, claiming it penalizes them for conduct that they might have reasonably understood to be lawful at the time it occurred. They also contend the statute, part of Minnesota's Obscenity Code, is overbroad on its face, prohibiting constitutionally protected forms of expression.

## FACTS

In February 1997, police officers attended the Bottoms Up Club, a nude dancing bar in Stearns County, to conduct a pre-arranged raid. While there, the officers saw the male appellants place money on a suspended platform on which fully nude women were dancing. When the male appellants did this, the officers observed the female appellants approach these patrons and make intimate physical contact on or near the patrons' faces, including contacts while wrapping their legs around the patrons' necks. Patrons who did not place extra money on the stage were not given this extra contact. The officers arrested the dancers and patrons whom they observed engaging in this activity.

## ISSUE

Does the indecent exposure statute offend either the due process or free expression guarantees of the constitution?

## ANALYSIS

The interpretation of a statute is a question of law, which this court reviews de novo. *Baker v. State*, 590 N.W.2d 636, 638 (Minn.1999). A statute is not unconstitutional unless its invalidity is shown

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

beyond a reasonable doubt. *Id.* Courts may give reasonable and sensible construction to criminal statutes in order to determine whether the language conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practice. *See State v. Suess,* 236 Minn. 174, 179–80, 52 N.W.2d 409, 413–14 (1952).

### 1. Retroactive application.

■ Appellants contend that it would be unconstitutional to apply the statute to them, because they had no reason to believe that they were disobeying the law. *See, e.g., State v. Welke,* 298 Minn. 402, 411–13, 216 N.W.2d 641, 648–49 (Minn. 1974) (applying due process principle that application of a statute denies fundamental fairness if the law is so vague that potential defendants are not fairly notified of its meaning). Appellants claim that there is, in effect, a "common understanding" that the indecent exposure statute requires an intent to offend and that ruling otherwise constitutes a retroactive change of this viewpoint of the law. *See Bouie v. City of Columbia,* 378 U.S. 347, 352–53, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964) (recognizing that unforeseeable, retroactive application of law deprives defendant of fair-warning entitlement and has effect "precisely like an *ex post facto* law," which is specifically forbidden by the constitution). Because appellants' assertion involves an erroneous construction of prior law, it is mistaken.

■ Appellants' error originates primarily from their misreading of *In re C.S.K.,* 438 N.W.2d 375 (Minn.App.1988). As our decision in *State v. Schramel,* 581 N.W.2d 400, 402 (Minn.App.1998), held, the phrase that appellants rely on in *C.S.K.,* stating that "intent to offend the sensibilities of others is an element of the crime," is mere dicta. There is no question that private consensual exposure is not prohibited by the indecent exposure act. But *C.S.K.* did not say, nor has it otherwise been suggested, that consensual exposure is not prohibited when it constitutes openly lewd or lascivious behavior.

Appellants assert that various trial courts have followed the intent-to-offend dicta in *C.S.K.,* but appellants have identified few decisions upon which they could reasonably have relied. More prominent in the cases appellants cite are situations where the conduct or fact pattern in question is distinguishable from the case at bar. For example, in a trial court case cited by appellant, speaking of the absence of unwilling observers, the police officer observed sexual behavior of the defendant when alone in his car. In addition, appellants also cite some Minnesota trial court cases that do not explicitly hold that an intent to offend is a requirement of the statute. For example, in one case the defendant was found not guilty because "the ordinance was not designed to apply to an act committed in the privacy or presence of a single, consenting person."

Furthermore, there is a consistent Minnesota history of prohibiting lewd and lascivious behavior. *State v. Peery,* the case relied upon in *C.S.K.,* in which the defendant unwittingly exposed himself to passers-by while changing clothes in his own apartment, required an intent to be lewd:

> [B]efore the offense of indecent exposure can be established, the evidence must be sufficient to sustain a finding that the misconduct complained of was committed with the deliberate intent of being indecent or lewd.

*State v. Peery,* 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947). *State v. End,* interpreting Minnesota's indecent exposure statute in 1950 (nearly identical to the 1996 statute), stated that it required the following:

> (1) wilfully [sic] and lewdly exposing the person, or the private parts thereof, in

any public place, or in any place where others are present (the offense charged in the information here and the act of indecent exposure for which defendant was previously convicted under the ordinance); (2) procuring another to so expose himself; (3) open or gross lewdness or lascivious behavior; and (4) any public indecency other than hereinbefore specified.

*State v. End*, 232 Minn. 266, 269, 45 N.W.2d 378, 380 (1950). Furthermore, *In re C.S.K.* similarly held that for indecent exposure "to be criminal, it must be done with the deliberate intent of being indecent or lewd." *In re C.S.K.*, 438 N.W.2d at 377 (citation omitted).

Appellants are mistaken when they contend that this court's interpretation of the indecent exposure statute, in *Schramel*, construed the statute to forbid the intentional exposure of private parts in a public place with nothing more than "an intent to sexually arouse or gratify an audience." *Schramel*, like *Peery* before it, maintained that the indecent exposure act also requires intentionally lewd and/or lascivious conduct. *Schramel*, 581 N.W.2d at 403.

2. Overbreadth.

■ Appellants also claim that an interpretation of Minn.Stat. § 617.23 that does not require the element of an intent to offend is unconstitutional because it may forbid activities that are protected by the First Amendment.[1] *See, e.g., Koppinger v. City of Fairmont*, 311 Minn. 186,

248 N.W.2d 708 (1976) (requiring narrow drafting of ordinance regulating public nudity; finding Fairmont ordinance overbroad on its face, unconstitutionally governing protected forms of expression).

■ Although a litigant claiming unconstitutional overbreadth may do so even if his own activities are plainly not constitutionally protected, such overbreadth must be real and substantial before a statute will be declared invalid. *State v. Holmberg*, 545 N.W.2d 65, 70 (Minn.App.1996), *review denied* (Minn. May 21, 1996); *State v. Fan*, 445 N.W.2d 243, 246 (Minn.App. 1989), *review denied* (Minn. Oct. 31, 1989). The statute complained of "must substantially affect constitutionally protected speech to trigger the overbreadth doctrine." *Holmberg*, 545 N.W.2d at 70 (citing *New York v. Ferber*, 458 U.S. 747, 773, 102 S.Ct. 3348, 3363, 73 L.Ed.2d 1113 (1982)).

The behavior of appellants in this case is not protected First Amendment conduct, and no risk of a conviction for conduct that is protected under the First Amendment has been identified. The statute forbids engaging in public displays of lewd, lascivious, or other indecent behavior. We can identify no authority distinguishing lewd and lascivious behavior from what is otherwise identified as obscene. *See, e.g., Black's Law Dictionary* 629, 610 (abridged 6th ed.1991) (defining both "lewd" and "lascivious" as "obscene"); *The American Heritage Dictionary* 1035 (3d ed.1992) (defining "lewd" as "obscene"). *See also Be-*

---

1. Appellants make a further argument that there is insufficient evidence in the record to convict them of lewd and lascivious behavior. On a review of the sufficiency of the evidence, this court must ascertain whether the trier of fact could reasonably find the defendant guilty on the evidence received at trial and on the legitimate inferences that could be drawn from that evidence. *State v. Johnson*, 568 N.W.2d 426, 435 (Minn.1997). Appellants do not explain in which respect it was unreasonable to find that their conduct was lewd and

lascivious, as there was adequate evidence showing that all of the defendants, performers and patrons, behaved obscenely in a public place. Appellants appear to raise the argument not so much as it may apply to the performers; rather, they suggest that the patrons would not normally fall under the purview of the statute. But in the circumstances here, there is ample evidence that the patrons paid for, encouraged, or otherwise directly involved themselves in the obscene behavior carried out by the performers.

*sig v. United States*, 208 F.2d 142, 145 (9th Cir.1953) (declaring that the commonly-used word, "obscene," is the "word symbol for indecent, smutty, lewd or salacious"); *Seattle v. Marshall*, 83 Wash.2d 665, 521 P.2d 693, 697 (1974) (finding that " 'lewd is a word interchangeable in use with 'obscene' "); *State v. Diversified Theatrical Corp.*, 59 Mich.App. 223, 229 N.W.2d 389, 393 (1975) ("lewd and obscene are synonymous"), *rev'd on other grounds*, 396 Mich. 244, 240 N.W.2d 460 (1976); *In re Tahiti Bar, Inc.*, 186 Pa.Super. 214, 142 A.2d 491, 492 (1958) (noting that the words "lewd" and "obscene" are synonyms for each other); *People v. Dial Press, Inc.*, 182 Misc. 416, 48 N.Y.S.2d 480, 481 (1944) (stating that the terms "obscene," "lewd," and "lascivious" are synonymous).

We conclude that lewd and lascivious behavior is synonymous with obscene behavior. Obscene behavior, conduct, or speech is not protected by the First Amendment and may be regulated. *Roth v. United States*, 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498 (1957); *State v. Wicklund*, 589 N.W.2d 793, 800 (Minn.1999); *State v. Davidson*, 481 N.W.2d 51, 57 (Minn.1992). Thus, behavior that is lewd and lascivious is not constitutionally protected, and Minn.Stat. § 617.23, prohibiting such conduct, is not unconstitutionally overbroad.

## DECISION

The indecent conduct statute, Minn.Stat. § 617.23(a)(3), is not overbroad on its face and was not unconstitutionally applied to the appellants in this case.

**Affirmed.**