UNITED STATES, Appellee

v

LAWRENCE H. MANOS, Staff Sergeant, U. S. Air Force, Appellant

8 USCMA 734, 25 CMR 238

No. 10,072

Decided February 28, 1958

*Major George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John F. Hannigan* and *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Among other offenses, the accused was charged with "wilfully and wrongfully" exposing his naked body to public view. The charge arose out of the following circumstances: An Air Policeman observed the accused in the upstairs rear bedroom of his home. The window of the room was open and the blind was up. The accused came out of the bathroom, entered the bedroom, and dried himself with a towel "in front of the window." In returning findings of guilty, the court-martial excepted the word "wilfully" and substituted the word "negligently." We granted review to consider whether negligent indecent exposure is an offense in military law.

Several boards of review have held, at least by implication, that negligent exposure under circumstances in which the exposure can be observed by others is misconduct in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. United States v Grady, 21 CMR 686; United States v Anderson, 8 CMR 212; United States v Clark, 9 BR—JC 119. However, in many civilian jurisdictions in which indecent exposure is an offense, the law requires intentional or willful conduct. Van Houten v State, 46 NJL 16 (1883); Miller v The People, 5 Barb 203 (NY) (1849); Truett v State, 3 Ala App 114, 57 So 512; see also United States v Schumacher, 2 USCMA 134, 7 CMR 10. The same requirement is found in the model form of specification set out in the Manual for Courts-Martial, United States, 1951, Appendix 6c, specification 147.

In a number of cases this Court has held that an act resulting from simple negligence does not give rise to criminal liability in the absence of a statute or "ancient usage." United States v Greenwood, 6 USCMA 209, 19 CMR 335; United States v Downard, 6 USCMA 538, 20 CMR 254. In other words, penal liability generally requires "something in the nature of *mens rea.*" United States v Downard, supra, page 545. Although not conclusive of the issue (see United States v Malone, 4 USCMA 471, 16 CMR 45), it is worth noting that negligent exposure is not listed as a lesser included offense to

**735**

willful exposure, and there is only one type of indecent exposure provided for in the Table of Maximum Punishments. United States v Norris, 2 USCMA 236, 8 CMR 36. In the *Norris* case, supra, page 239, we held that we would not permit the services to eliminate indiscriminately vital elements of recogized offenses and "permit the remaining elements to be punished as an offense under Article 134." That statement is applicable here. In our opinion, negligent exposure is not punishable as a violation of the Uniform Code.

The findings of guilty of specification 1 are set aside and the charge is ordered dismissed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

Because my reasons for reversing this conviction are so different from those announced by my associates, I prefer to set out fully the theory which leads to my concurrence in the Court's disposition. We granted the prayer for review to consider two questions, and I will answer them in order. They are:

1. Is negligent indecent exposure a crime at military law?

2. If so, is the evidence sufficient in this case to support such a finding?

We have previously decided that willful indecent exposure is a crime at military law. United States v Brown, 3 USCMA 454, 13 CMR 10; United States v Schumacher, 2 USCMA 134, 7 CMR 10; see also Appendix 6c, specification 147, Manual for Courts-Martial, United States, 1951. Whether negligent indecent exposure is also a crime has not been passed on directly by us until now, but the question has been answered in the affirmative by more than one board of review decision. United States v Grady, 21 CMR 686 (1956); United Staes v Anderson, 8 CMR 212 (1952); United States v Clark, 9 BR–JC

119 (1950); United States v McKittrick, 38 BR 285 (1944) (by implication); United States v Goggin, 34 BR 399 (1944) (by implication).

The appellant concedes that, under the decision of these lower military tribunals, there are two crimes of indecent exposure, the one willful and wrongful indecent exposure, the other wrongful indecent exposure. Appellant then argues that a finding of negligent and wrongful indecent exposure is a third crime which was never envisioned as a military offense. I do not adopt these niceties of semantic disputation for, in my opinion, the second and third mentioned offenses are identical. That, however, does not dispose of the first granted issue.

Wharton has stated that at common law indecent exposure could be either willful or negligent. Wharton, Criminal Law, 12th ed, §§ 1747–1751. But this principle of law is not as dogmatic as his statement would imply. It appears to be true that the early English law required no intent for the conviction of this nuisance, so that both willful and negligent indecent exposure were one and the same crime. So in Rex v Crunden, 2 Campb 89, 170 Eng Rep 1091 (K.B.) (1809), a man was convicted of the crime of indecent exposure for bathing naked in the sea within the sight of a group of houses. The court held that his intention was unimportant, as the necessary tendency of his conduct was to outrage decency and to corrupt the public morals.

However, a later English case indicates that intent was required. This is evidenced by the language of Pollock, C. B., who said "There is this restriction —there must be a wicked intention, which should be left to the jury." Reg. v Webb, 1 Den. 338, 13 Jurist 42, 169 Eng Rep 271 (Ex Ch) (1848). The early American decisions decided under the common law seem to have required some sort of intent as an essential element of the offense. Van Houten v State, 46 NJL 16 (Sup Ct) (1883); Miller v The People, 5 Barb 203 (NY) (1849). But in most jurisdictions today, statutory enactments which define the crime require different elements,

and consequently the varied results of the cases prevent a pattern from emerging. By way of illustration, it was held in State v Martin, 125 Iowa 715, 101 NW 637 (1904), that although the exposure must be "intentional" or "willful," the exposure is a crime only when the defendant indulges in such practice at a time and place where, as a reasonable person, he knows or ought to know his act is open to the observation of others. In Truett v State, 3 Ala App 114, 57 So 512 (1912), it was held that the offense was complete if the act was intentionally committed at such time and place and in such a manner as to offend against public decency, and the intent may be inferred from the recklessness of the act. The Supreme Court of Michigan in City of Grand Rapids v Bateman, 93 Mich 135, 53 NW 6 (1892), held that a city ordinance which proscribed an indecent exposure was valid without reference to the intent which accompanies the act. In Miller v The People, supra, the court concluded that where an act, indifferent in itself, becomes criminal, if done with a particular intent, the intent must be alleged and proved and that rule was applied in the case which involved an indecent exposure. Thus, it appears that authorities can be found to support a rule that the crime of indecent exposure falls in that category of cases which are offensive to the decency, propriety, and morality of the community, and a conviction can be sustained whether or not the act is performed with a criminal intent, by recklessness, or through negligence. Our problem then is to decide whether this military offense can be bottomed on negligence. Although, as previously stated, this Court has never passed upon that specific question, I find language in United States v Brown, supra, which is precursive of my conclusion in the instant case. There, in comparing the crime of taking indecent liberties with a child with the offense of indecent exposure, the author Judge, speaking for a unanimous Court, said:

". . . This holding naturally poses the question of the difference between the crimes of indecent exposure and taking indecent liberties as they affect a minor under sixteen years of age. There is one substantial difference well recognized in criminal law. The crime of indecent exposure may be either intentional or negligent and it, in many jurisdictions, must be committed in a public place. There need be no intent connected with the commission of that crime other than the general intent which must be found in every criminal offense. Many persons under the influence of intoxicating liquors unintentionally expose themselves without knowledge that they are affecting the lives of children. In the crime of taking indecent liberties with a minor, the act must be done with intent to gratify the lust, passions, or sex desires of either the person committing the act or of the child . . . . We, therefore, believe that this offense is distinguishable from both the minor offenses of indecent exposure and assault, when the act is performed with the specific intent to satisfy the sexual desires of the participants."

In reviewing prior military cases, I find that at least since 1944, boards of review have held negligent indecent exposure to be a crime. Some of these early cases make no distinction between negligent and willful indecent exposure, United States v Anderson, supra; United States v Clark, supra; United States v Goggin, supra, and consider them to be one crime relying upon Wharton's statement that they were so at common law. Because a willful act is more aggravated than one founded on the various degrees of negligence, I do not agree with this conclusion. In this situation, there must be two degrees of the offense or there is no lesser offense. I think that concept is well thought out and developed by an Air Force board of review in United States v Grady, supra. They reasoned:

". . . The model specification and the one used here contain the allegation that the act was done 'wilfully and wrongfully' and the maximum punishment prescribed by the president for such offense is confinement at hard labor for six months

and forfeiture of two–thirds pay per month for a like period (MCM, 1951, par 127c). Since the Table of Maximum Punishments lists but one offense of indecent exposure and but one form specification is provided for alleging the offense, it appears logical to conclude that the maximum punishment listed in the Manual is for the offense of 'wilfully and wrongfully' exposing one's self in an indecent manner to public view. It is equally logical to conclude that the offense of indecent exposure is more aggravated and, therefore merits a more severe penalty, when wilfully (intentionally) committed than when negligently committed. When committed through carelessness or negligence the offense has all of the aspects of a simple military disorder for which the maximum confinement authorized is four months. To hold otherwise it would first be necessary to conclude that the word 'wilfully' appearing in the model specification is surplusage and need not be alleged or proved in order to make out the six months' offense. The Board is unable to come to such a conclusion."

I see no reason to reject the views expressed in that case, for common sense suggests that any public indecent exposure, except those brought about by accident, is a disorder which tends to bring the military services in disrepute. Many of these offenses, when done negligently, are committed by an accused when he is under the influence of alcohol. If being drunk in public is a disorder, exposing one's private parts while in that condition or while sober should be no less. I would conclude, therefore, that negligent indecent exposure is a lesser included offense of willful indecent exposure, the former being charged under specification 147, Manual for Courts-Martial, United States, 1951, Appendix 6c, while the latter is a simple military disorder. The greater offense requires willfulness or criminal intent and carries a penalty of six months' confinement and forfeitures. The lesser crime, as its name implies, is measured only by a reasonably prudent man standard and permits a maximum punishment of four months and forfeitures. The absence of criminal intent is of no consequence. As I stated in United States v Doyle, 3 USCMA 585, 593, 14 CMR 3, 11,

". . . In the class of crimes identified as 'public welfare offenses,' the harm to the public is complete with the doing of the act and the intent with which it is done does not change the character of the crime nor the potentialities of harm to the public. While the proscribed act may be only a neglect, the damage to the public from repeated violations is great and the criminal penalty is imposed to discourage violations."

I might also point out in answer to my associates, who state that negligence can only give rise to criminal liability in the presence of a statute or "ancient usage," that negligent indecent exposure was considered a crime at least as long ago as 1809, Rex v Crunden, supra, and according to some authorities in as ancient a time as 1663. See Le Roy v Sidley, 1 Sid. 168, 82 Eng. Rep. 1036 (1663).

My holding on the first issue requires a discussion of the second asserted error which, stated succinctly, is whether the evidence is sufficient to support the findings. That requires a detailed recitation of the facts. The drama opened by complaints that the accused was a "Peeping Tom" and consequently his house had been placed under surveillance by the Air Police. He lived in a duplex home and, although the record is not clear, it appears that the bedroom window looked out over his back yard and his neighbors' yards. At least there is no showing that it was on the street side of the house. On the particular evening in question, at about 11:15 p.m., he was observed changing from his clothes to his pajamas. The observer was the Air Policeman, who apparently viewed the accused from the area in the rear of accused's apartment. The lights were then turned off by the accused, and the Air Policeman thence proceeded to the home of a neighbor whose kitchen faced the accused's bedroom. The Air Policeman and this neighbor, who had been watching ac-

738

cused's home for the preceding five nights, again took up their vigil. The neighbor peered through the curtains of her darkened window, while the Air Policeman stationed himself in the room in such a position that he, too, observed the subsequent event. The only light, one on the refrigerator, was covered by a towel. Apparently the accused had finished his shower, stepped into the room, and turned on the light. It was at this time that he appeared, an image of nakedness, framed by his window casement. This is the only exposure seen by both observers, as shortly thereafter the accused disappeared from sight. There is no evidence of willfulness or criminal intent, and the court-martial, by exceptions and substitutions, so found.

From the foregoing factual recitation, it is necessary that I answer the final question in the negative. There is no doubt in my mind that a window of a home could be the locus of the crime. Whether a particular place is public is simply a matter of facts and circumstances as it is possible to convert what normally would be a private residence into a public stage. If the accused had exposed himself during the daytime from a street window or where, as a reasonable man, he could expect women and their children to notice his performance, my result would be different. But here it was near midnight, the window had a rear exposure, the adjoining homes were clothed in darkness, and there was no indication of life. Those who viewed the performance were not members of a captive audience but willing observers who concealed their presence. Under those circumstances, the exposure could hardly be termed the act of an unreasonable man, for there really was no cause for the accused to suspect that he would be seen. A person can walk out of a shower and dry himself off in a back bedroom, even though the lights are on and the blinds are open, without creating a private or public nuisance. Merely because this accused did not exhibit the highest degree of care does not charge him with being negligent. It is within the realm of ordinary behavior to use a bedroom for private purposes unless it can be anticipated reasonably that the acts performed would be seen by a number of casual observers had they been looking.

Accordingly, I concur in the result.