**UNITED STATES, Appellee,**

v.

**First Lieutenant William B. EDMISTEN, 538–68–2964, United States Army, Appellant.**

**ACMR 9202014.**

U.S. Army Court of Military Review.

24 June 1993.

For Appellant: Captain Robert H. Pope, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before De GIULIO, WALCZAK, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers. Contrary to his pleas, he was found guilty of two specifications of conduct unbecoming an officer and a gentleman, one alleging indecent exposure and the other alleging wrongful cohabitation, in violation of Article 133, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 933 (1988). He was also found guilty, contrary to his pleas, of adultery, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1988). He was sentenced to be dismissed from the service and to be reprimanded. The convening authority approved the sentence.

Before this court, appellant asserts, inter alia, that the evidence is legally and factually insufficient to support the findings of guilty to both specifications alleging conduct unbecoming an officer and a gentleman. We find the evidence legally insufficient to support the findings of guilty to those specifications.

The evidence in this case consisted of testimony and documentary evidence. First Lieutenant (1LT) S testified that he and appellant were good friends and had gone through Officer Candidate School together. In July 1990, appellant called 1LT S, who was stationed at Fort Bragg. Appellant was being assigned to Fort Bragg and asked if he could stay at 1LT S' on-post quarters for one week to ten days while he arranged for quarters for his wife and family. 1LT S agreed.

In early August 1990, 1LT S was deployed to Southwest Asia. When he called home in October, 1LT S's wife told him that appellant had arrived in August and was still staying at their home. Appellant left the home in November of 1990 when he too was deployed to Southwest Asia. After appellant's return in April 1991, he again

stayed at 1LT S' home for two weeks. He left after he found permanent quarters and his family moved to Fort Bragg.

After 1LT S' return to Fort Bragg, he and his wife separated because of marital difficulties. On or about 6 November 1991, 1LT S was moving "stuff" from the master bedroom when he discovered an envelope with negatives of photographs. After looking at the negatives, he had them developed. They contained photographs of 1LT S' wife and children. Some of the photographs of the children were the same as had been sent to him while he was in Asia. Contained on the same roll of negatives was a photograph of appellant pulling down his sweat pants exposing his penis. Another photograph shows appellant in 1LT S' den, standing nude with his buttocks showing and facing what appears to be a child. Other photographs show appellant from the back with only a towel wrapped around him using the vanity in 1LT S' master bathroom. The only entrance to this bathroom is through the master bedroom. Also, two more photographs show appellant in 1LT S' den. Appellant's pants are unzipped showing his pubic hair. These photographs of appellant were not in sequence but were contained throughout the roll of film.

The photograph envelope with 1LT S' wife's name and address and showing that the photos were developed by York Photo Labs was placed into evidence. Also admitted into evidence was a copy of a check to York Photo Labs, signed by 1LT S' wife.

1LT S also testified that, accompanied by Staff Sergeant (SSG) C, he went to his home on 8 November 1991 to remove his possessions. His wife was not supposed to be at home. Upon entry into the house with SSG C, he observed his wife astraddle appellant engaged in sexual intercourse. 1LT S' description of what he observed convinces us that appellant was engaged in sexual intercourse. We see no purpose in setting forth those sordid details in this opinion.

1LT S testified pursuant to an order granting him testimonial immunity from prosecution for misconduct on Okinawa in 1988.

On 8 November 1991, 1LT S had custody of the children. 1LT S and his wife engaged in an acrimonious legal battle for custody of the children. At the time of trial, the wife had obtained custody. At some point, 1LT S had asked for a statement from appellant concerning his wife's drinking and her fitness as a mother to be used in the custody proceeding. Appellant had refused to give such a statement.

SSG C testified that he worked for 1LT S and accompanied him to his house on 8 November. He testified that after he entered the house, he observed 1LT S' wife and appellant "doing sexual intercourse." 1LT S asked him to wait outside. Later, he observed appellant and 1LT S exit the house. Appellant was still dressing.

Appellant's defense was that 1LT S and his wife were going through a messy divorce and he was being "dragged into it." Concerning the allegation of adultery, his defense was alibi, which he presented for the first time at trial.

Sergeant First Class M testified that, on 8 November 1991, appellant worked with him the whole day in his backyard clearing trees which had been cut. Appellant was his platoon leader.

Evidence was presented that appellant was a good soldier and was a person of high moral character.

Three witnesses testified that appellant told them that he had not committed the offenses but that he was being dragged into a messy divorce. Appellant did not tell them he was elsewhere at the time of the alleged offense of adultery.

 Appellant asserts that the evidence presented is insufficient to prove the offense alleged as conduct unbecoming an officer for indecently exposing his penis. This offense requires the exposure to be to public view. *See United States v. Moore,* 33 C.M.R. 667 (C.G.B.R.1963). Further, the exposure must be indecent. *See United States v. Caune,* 22 U.S.C.M.A. 200, 46 C.M.R. 200 (C.M.A.1973). Negligent exposure is not punishable under the UCMJ.

*United States v. Manos,* 8 U.S.C.M.A. 734, 25 C.M.R. 238 (1958). Examining the meager evidence presented in this case, we cannot conclude that the photographs showing appellant's posterior are indecent, that his exposure was to the public view, or that his exposure was other than negligent. As to the photograph of appellant pulling down his sweat pants showing his penis, we find no evidence that this was done in the public view.

■ As relates to the offense alleged as conduct unbecoming by wrongful cohabitation, we find no evidence to show that appellant and Mrs. S were openly and publicly dwelling or living together as man and wife, as required for the offense of wrongful cohabitation. *See United States v. Melville,* 8 U.S.C.M.A. 597, 25 C.M.R. 101 (1958). Indeed, the evidence clearly reflects that appellant was viewed as a guest in 1LT S' home.

■ The test for legal sufficiency is whether a reasonable fact finder, viewing all the evidence in a light most favorable to the prosecution, could have found all elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying this test, we find that the evidence is legally insufficient to support either of the specifications alleged as conduct unbecoming an officer and a gentleman. Simply stated, the prosecution failed to prove the offenses as alleged. This is not to say that appellant's conduct could not have been an offense under Article 133, UCMJ, if properly alleged. *See United States v. Taylor,* 23 M.J. 314, 318 (C.M.A.1987) (an officer may be charged under Article 133 for conduct which does not violate another provision of the Code where such conduct falls below standards established for officers).

The remaining assertion of error is without merit.

■ The findings of guilty to Charge I and its specifications are set aside. Those specifications and Charge I are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), only so much of the sentence is affirmed as provides for dismissal from the service.

Judges WALCZAK and GONZALES concur.