UNITED STATES, Appellee,

v.

Sarah F. THOMASSON, Storekeeper
Third Class, U.S. Navy,
Appellant.

No. 98–0758.
Crim.App. No. 96–0938.

U.S. Court of Appeals for
the Armed Forces.

Argued March 4, 1999.

Decided April 22, 1999.

For Appellant: *Lieutenant Commander
Rebecca L. Gilchrist*, JAGC, USN (argued);
*Lieutenant Dale O. Harris*, JAGC, USNR.

For Appellee: *Lieutenant Commander
John A. Maksym*, JAGC, USNR (argued);
*Colonel Kevin M. Sandkuhler*, USMC, Com-
mander *Eugene E. Irvin*, JAGC, USN, and
*Lieutenant James Grimes*, JAGC, USNR (on
brief); *Commander D.H. Myers*, JAGC,
USN, and *Lieutenant Russell J.E. Verby*,
JAGC, USNR.

PER CURIAM:

A special court-martial composed of a mili-
tary judge sitting alone convicted appellant,
pursuant to her pleas, of resisting apprehen-
sion, assault, and presenting fraudulent
claims (29 specifications), in violation of Arti-
cles 95, 128, and 132, Uniform Code of Mili-
tary Justice, 10 USC §§ 895, 928, and 932,
respectively. She was sentenced to a bad-
conduct discharge, confinement for 4 months,
forfeiture of $569.00 pay per month for 6
months, and reduction to the lowest enlisted
grade. The convening authority approved
these results. Pursuant to a pretrial agree-
ment, the convening authority suspended all
confinement in excess of 75 days for a period
of 12 months from the date of trial. The
Court of Criminal Appeals affirmed in an
unpublished opinion.

On appellant's petition, we granted review
of the following issue:

> WHETHER APPELLANT'S PLEA OF
> GUILTY TO RESISTING APPREHEN-
> SION WAS NOT PROVIDENT.

Appellant was engaged in a scheme to
obtain fraudulent refunds from a military
exchange for clothes stolen from the ex-
change. When a civilian store detective be-
came suspicious, appellant ran to her car and
drove off, nearly hitting the store detective in
the process. Appellant providently pleaded
guilty to false claim charges concerning the
fraudulent refund scheme. She also provi-
dently pleaded guilty to assaulting the civil-
ian store detective in her escape. Those

offenses are not at issue in the present appeal.

After appellant left the post exchange, a military police car appeared behind her car with the siren sounding. Although appellant realized what was happening, she continued to drive for about 2 minutes before pulling over. A military police officer, Sergeant Moon, approached appellant, identified herself, and placed appellant under apprehension without further occurrence. The incident involving the military police officer resulted in a charge alleging that appellant had "resist[ed] being apprehended by Sergeant Lurna D. Moon, ... an armed forces police officer."

The military judge advised appellant during the plea inquiry as to the various forms of resisting apprehension, including resistance "by flight." The colloquy between the military judge and appellant with respect to the offense of resisting apprehension focused exclusively on her flight from Sergeant Moon.

■ Under Article 95 as it existed at the time of the conduct in question, flight from a law enforcement officer, unaccompanied by any other act of resistance, did not constitute the offense of resisting apprehension. *See United States v. Harris*, 29 MJ 169 (CMA 1989); *United States v. Burgess*, 32 MJ 446, 447–48 (CMA 1991).* With respect to the offense of resisting apprehension, the military judge did not inquire as to any act of resistance other than flight. Accordingly, appellant's plea was improvident. *See United States v. Prater*, 32 MJ 433, 436 (CMA 1991). However, in light of the numerous remaining offenses and the nature of the conduct for which she providently pleaded guilty, we conclude that the error was harmless as to sentence.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed except for Charge I and its specification. The findings of guilty of Charge I and its specification are set aside, and Charge I is dismissed.

---

* Congress subsequently amended Article 95 to add the offense of "flee[ing] from apprehension" to the already existing offenses of resisting apprehension, breaking arrest, and escaping from custody or confinement. National Defense Authorization Act for Fiscal Year 1996, Pub.L. No. 104–106, § 1112, 110 Stat. 461.