# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, FEBBO, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 STEVEN M. TUCKER**
**United States Army, Appellant**

ARMY 20150634

Headquarters, United States Army Cadet Command and Fort Knox
S. Charles Neill, Military Judge
Colonel E. Edmond Bowen, Jr., Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Andres Vazquez, Jr., JA; Captain Amanda R. McNeil Williams, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain John Gardella, JA (on brief).

28 October 2016

----------------------------------
OPINION OF THE COURT
----------------------------------

CAMPANELLA, Senior Judge:

In this case, we explore whether the military judge erred in accepting the appellant's plea to a general article violation for providing alcohol to a person under the age of twenty-one, premised upon the *mens rea* of negligence. Finding no error, we affirm. Because Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ], specifically criminalizes "disorders and *neglects*" that are prejudicial to good order and discipline or which tend to discredit the service, we find the Article 134, UCMJ, offense falls outside the Supreme Court's decision in *United States v. Elonis*, 135 S. Ct. 2001 (2015).

A military judge, sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to obstruct justice, one specification of sexual assault, two specifications of unlawfully providing alcohol to a person under the age of twenty-one, and one specification of obstruction of justice in violation of Articles 81, 120, and 134, UCMJ. The military judge sentenced appellant to a bad-conduct discharge and confinement for forty-two months. In accordance with a pretrial agreement, the convening authority approved only so much

of the sentence as provided for a bad-conduct discharge and thirty-six months confinement.

Appellant's case is before us for review pursuant to Article 66(c), UCMJ. Appellant raises two assignments of error, one of which requires discussion but no relief. Specifically, appellant avers his plea was improvident because, during the providence inquiry, the military judge instructed on the *mens rea* of negligence, when he should have instructed on the *mens rea* of recklessness, as it relates to the Article 134, UCMJ offense of providing alcoholic beverages to persons under twenty-one years of age. Appellant also raises matters personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) which, upon consideration, we find have no merit.

## BACKGROUND

In Specification 1 of Charge IV, appellant was charged with and pleaded guilty to providing alcohol to Private (PV2) TG, a person under the age of twenty-one. The specification alleged a general disorder under Article 134, UCMJ. During the providence inquiry, appellant stated he gave alcohol to anyone at the party without inquiring as to their age.[1] He also stated he knew some in the barracks were under twenty-one years of age but he had no reason to believe PV2 TG was under the age of twenty-one.

Upon hearing this information, the military judge inquired into the government's theory of the case and asked defense counsel whether appellant was provident to this specification. Trial counsel asserted that the Article 134, UCMJ, specification was a general intent crime and hence, appellant's plea was provident based on his own description of his mental state. Defense counsel agreed with the government that the Article 134 specification was a general intent crime and appellant could be criminally liable for "deliberate ignorance" of PV2 TG's age.

With that, the military judge instructed appellant that "negligence is the lack of that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances." Appellant agreed he was negligent by providing PV2 TG alcohol without ascertaining her age.

## LAW AND DISCUSSION

This court reviews a military judge's decision to accept a plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). It is an

---

[1] During the plea inquiry as to Specification 2 of Charge IV, alleging a similar Article 134, UCMJ, violation by providing alcohol to PV2 TM, appellant acknowledged he knew PV2 TM was under the age of twenty-one.

abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citation omitted).

Appellant argues the military judge's reliance on a negligence standard renders his plea to Specification 1 of Charge IV improvident. Appellant, in reliance on *United States v. Elonis*, 135 S. Ct. 2001 (2015), and *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016), asserts the language of Article 134, UCMJ omits a *mens rea* element, and therefore, the appropriate *mens rea* standard is recklessness. While the government concedes this point, we disagree, as we find *Elonis* and *Gifford* inapplicable to the facts of this case.

What *mens rea* applies to Article 134, UCMJ, is a question of law which we review de novo. *United States v. Serianne*, 69 M.J. 8, 10 (C.A.A.F. 2010).

In *United States v. Elonis*, the Supreme Court was faced with interpreting a criminal statute, 18 U.S.C. § 875(c), that was silent on the *mens rea* required to commit the offense. The Supreme Court emphasized that "[w]hen interpreting federal criminal statutes that are silent on the required mental state, we read into the statute only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." 135 S. Ct. at 2010 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000)) (internal quotation marks omitted). The Court concluded that when a statute is silent in this regard, the *mens rea* required to commit the offense must be greater than simple negligence. *Elonis*, 135 S. Ct. at 2010.[2]

In *United States v. Gifford,* the Court of Appeals for the Armed Forces (CAAF) applied *Elonis* to a violation of a lawful general order, Article 92, UCMJ, where the order failed to state any *mens rea* requirement and determined the minimum *mens rea* is "recklessness." 75 M.J. at 148 (C.A.A.F. 2015). Under this *mens rea* standard as it applies to Article 92, UCMJ, lawful conduct, such as providing alcohol to one's friends or guests while honestly believing them to be of legal age, would be excluded from proscription under the general order. The CAAF decision, however, did not apply an analysis of the statutory language of Article 134 itself which proscribes "neglect[ful]" conduct.[3]

The Supreme Court's decision in *Elonis* and the CAAF's decision in *Gifford* are predicated on the absence of a statutory *mens rea* requirement. The Supreme Court

---

[2] Thus the offenses of missing movement (Article 87, UCMJ) and improper hazarding of vessel (Article 110, UCMJ) may be committed by simple negligence.

[3] Consistent with this statutory construct, the President has, for example, under his Article 56 authority included the Article 134 offense of negligent homicide. *See U.S. v. Bivens*, 49 M.J. 328 (C.A.A.F. 1998).

created a "gap-filling rule" for a *mens rea* requirement when an offense is *otherwise silent*. *Elonis*, 135 S. Ct. at 2010-11. However, Article 134, UCMJ, is not silent, for it specifically criminalizes "disorders and *neglect*s" that are prejudicial to good order and discipline, or which tend to discredit the service. UCMJ art. 134. For those offenses where the crime clearly states a negligence standard, *Elonis* is inapplicable.

In *United States v. Rapert*, our superior court determined *Elonis* was not applicable to the offense of communicating a threat under Article 134, UCMJ, as articulated by the President. 75 M.J.164 (C.A.A.F. 2015). While *Elonis* involved communicating a threat, the military offense of communicating a threat contains an element—absent in the federal offense—that the conduct be "wrongful." *Compare* 18 U.S.C. § 875(c) with *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 110.b. In *Rapert*, our superior court found the requirement that the accused's acts be "wrongful" put the offense outside the holding in Elonis. 75 M.J.at 168. Although *Rapert* did not discuss the statutory language of Article 134, nothing in the court's reasoning would preclude our analysis here.

In short, we find the offense of providing alcohol to a person under the age of twenty-one under Article 134, UCMJ, falls outside the Supreme Court's decision in *Elonis*. Article 134, UCMJ, specifically criminalizes "disorders and neglects" that are prejudicial to good order and discipline or which tend to discredit the service. *MCM*, pt. IV, ¶ 60.c.(2). For those offenses where the statute clearly includes a negligence standard, *Elonis* is inapplicable. Accordingly, we find the military judge did not abuse his discretion in accepting appellant's plea of guilty to Specification 1 of Charge IV.

## CONCLUSION

The findings and sentence are AFFIRMED.

Judge FEBBO and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court