*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Steven M. TUCKER, Private
United States Army, Appellant

### No. 17-0160
Crim. App. No. 20150634

Argued May 10, 2017—Decided May 23, 2017

Military Judge: S. Charles Neill

For Appellant: *Captain Timothy G. Burroughs* (argued); *Lieutenant Colonel Charles D. Lozano, Major Christopher D. Coleman*, and *Captain Patrick J. Scudieri* (on brief); *Lieutenant Colonel Melissa R. Covolesky.*

For Appellee: *Captain John Gardella* (argued); *Colonel Mark H. Sydenham, Lieutenant Colonel A. G. Courie III,* and *Major Cormac M. Smith* (on brief).

————————

PER CURIAM:

Appellant was charged with, among other offenses, two specifications of unlawfully providing alcohol to a person under the age of twenty-one in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). In the course of Appellant pleading guilty to these two specifications, the military judge instructed Appellant that the necessary mens rea requirement for this Article 134, UCMJ, offense was "negligence." After concluding that Appellant's guilty plea was provident and convicting him of these two alcohol-related specifications (plus one specification of conspiracy to obstruct justice, one specification of sexual assault, and one specification of obstruction of justice in violation of Articles 81, 120, and 134, UCMJ, 10 U.S.C. §§ 881, 920, 934 (2012)), the military judge sentenced Appellant to be confined for forty-two months and to be discharged from the service with a bad-conduct discharge (BCD). The convening authority approved only so much of the adjudged

sentence as provided for thirty-six months of confinement and a BCD.

On appeal to the United States Army Court of Criminal Appeals (CCA), Appellant challenged the military judge's acceptance of his guilty plea. He argued that "recklessness" rather than "negligence" was the necessary mens rea requirement for the two Article 134, UCMJ, specifications at issue. The CCA disagreed, holding that because Article 134, UCMJ, "specifically criminalizes 'disorders and *neglects*' … the statute clearly includes a negligence standard." *United States v. Tucker*, 75 M.J. 872, 875 (A. Ct. Crim. App. 2016). In other words, the CCA equated the statute's inclusion of the term "neglects" with the imposition of a "negligence" mens rea requirement. The CCA further held that because this mens rea requirement was specifically included in Article 134, UCMJ, and because the Supreme Court's decision in *Elonis v. United States*, 135 S. Ct. 2001 (2015) was "predicated on the absence of a statutory mens rea requirement," *Elonis* was not relevant to the disposition of the instant case. *Tucker,* 75 M.J. at 875.

This Court granted Appellant's petition for grant of review on the following issue:

> Whether the Army Court erred in holding that the term "disorders and neglects" states a negligence standard for mental culpability under Article 134, UCMJ, which precludes application of [*Elonis v. United* States].

As a first step in statutory construction, we are obligated to engage in a "plain language" analysis of the relevant statute. *United States v. Schell*, 72 M.J. 339, 343 (C.A.A.F. 2013) (internal quotation marks omitted) (citations omitted); *see EV v. United States*, 75 M.J. 331, 333 (C.A.A.F. 2016) ("'[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'") (citations omitted)); *see also United States v. Phillips*, 70 M.J. 161, 165 (C.A.A.F. 2011) ("In deciphering the meaning of a statute, we normally apply the common and ordinary understanding of the words in the statute.") (citation omitted)). In taking this step in the instant case, we conclude that in Article 134, UCMJ, the term "neglects" simply refers

to the failure of a servicemember to perform an act that it was his or her duty to perform. *See Ballentine's Law Dictionary* 839 (3d ed. 1969). Stated differently, contrary to the holding of the CCA, we conclude that the term "neglects" has no connection to the mens rea requirement that the government must prove under the statute. *See* J. W. Cecil Turner, *Kenny's Outlines of Criminal Law* 108 n.1 (16th ed. 1952) ("'Neglect' is not the same thing as 'negligence.' In the present connection the word 'neglect' indicates, as a purely objective fact, that a person has not done that which it was his [or her] duty to do; it does not indicate the *reason* for this failure…. A [person] can 'neglect' his [or her] duty either intentionally or negligently.").

Because this plain language analysis of the relevant provision of Article 134, UCMJ, is dispositive of the issue before us, and because we conclude that the CCA was mistaken in its analysis of this pivotal issue, the decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for a new review under Article 66, UCMJ, 10 U.S.C. § 866 (2012), to evaluate this case in light of *Elonis v. United States,* 135 S. Ct. 2001 (2015), and *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017).