*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————————

**UNITED STATES**
Appellee

**v.**

**Steven M. TUCKER, Private**
United States Army, Appellant

**No. 18-0254**

Crim. App. No. 20150634

Argued October 24, 2018—Decided November 29, 2018

Military Judge: S. Charles Neill

For Appellant: *Captain Timothy G. Burroughs* (argued); *Lieutenant Colonel Christopher Daniel Carrier* and *Major Julie L. Borchers* (on brief).

For Appellee: *Captain Catharine M. Parnell* (argued); *Lieutenant Colonel Eric K. Stafford*, *Major Hannah E. Kaufman*, *Major Cormac M. Smith*, and *Captain Jessika M. Newsome* (on brief); *Colonel Steven P. Haight*.

Judge OHLSON delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges RYAN, SPARKS, and MAGGS, joined.

————————————

Judge OHLSON delivered the opinion of the Court.

A military judge sitting alone as a general court-martial convicted Appellant, pursuant to his pleas, of one specification of conspiracy to obstruct justice, one specification of aggravated sexual assault, two specifications of providing alcohol to minors, and one specification of obstruction of justice, in violation of Articles 81, 120, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 920, 934 (2012). The military judge sentenced Appellant to a bad-conduct discharge and confinement for forty-two months. In accordance with the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and confinement for thirty-six months.

The United States Army Court of Criminal Appeals (CCA) affirmed the findings and sentence. However, we set

aside the CCA's decision and remanded for a new Article 66, UCMJ, 10 U.S.C. § 866 (2012), review to evaluate the case in light of *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017). *United States v. Tucker*, 76 M.J. 257 (C.A.A.F. 2017) (per curiam). On remand, a divided CCA affirmed the findings and sentence. We then granted review on the following issue:

> Whether the Army Court erred in holding that the minimum mens rea required under clauses 1 and 2 of Article 134, UCMJ, to separate wrongful from innocent conduct is simple negligence.

*United States v. Tucker*, 78 M.J. 58 (C.A.A.F. 2018) (order granting review).

We hold that the minimum mens rea for the Article 134, UCMJ, offense of providing alcohol to underage individuals is recklessness. We further hold that because the military judge incorrectly instructed Appellant on a negligence mens rea during the *Care*[1] inquiry, Appellant's guilty plea to one specification of providing alcohol to an underage individual is not provident. Accordingly, we reverse the decision of the CCA.

**I.**

Appellant admitted in court that as "one of the few Soldiers in the group [who] was old enough to purchase alcohol," he bought a large bottle of licorice-flavored liquor for a Fort Knox, Kentucky, barracks party involving approximately ten soldiers. Appellant then shared this liquor with Private (PV2) TMG who was under the legal age to drink alcohol.

In addition to other offenses, Appellant was charged with, and pleaded guilty to, one specification of providing alcohol to an underage individual—PV2 TMG—in violation of Article 134, UCMJ.[2] At the plea hearing, the military

---

[1] *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

[2] Appellant also entered a guilty plea to a second Article 134, UCMJ, specification of providing alcohol to a different underage individual. In regard to that particular specification, the military judge instructed Appellant that the mens rea of "knowingly" ap-

judge instructed Appellant that this general article offense has the following two elements:

> One, that on or about 21 June 2014, at or near Fort Knox, Kentucky, you unlawfully provided Private [TMG], a person under the age of 21, alcoholic beverages; and

> Two, that under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

After Appellant stated he did not know—and had no reason to believe—that PV2 TMG was under the age of twenty-one, the military judge sought clarification from defense and government counsel about why Appellant's plea was provident to the offense as charged. Counsel offered various theories regarding the applicable mens rea, including general intent, deliberate ignorance, and strict liability. When the military judge continued the providence inquiry, Appellant provided the additional following facts: he did not ask PV2 TMG her age; he was giving alcohol to everyone at the party and not checking their identification cards; he believed the legal drinking age was twenty-one years old; and there were "quite a few people under 21" living in the barracks.

The military judge eventually concluded that the mens rea for the charged offense was negligence and instructed Appellant as follows: "'Negligence' is the lack of that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances." Appellant then admitted that he was negligent in providing alcohol to PV2 TMG because he did not ask or verify her age. Following Appellant's admissions that his conduct was prejudicial to good order and discipline and of a nature to bring discredit on the armed forces, the military judge accepted Appellant's plea and entered a finding of guilty for the putative

---

plied to the offense. Specifically, the military judge told Appellant: "If you didn't know at the time that he was under the age of 21, you are not provident or guilty of this offense." The military judge then accepted Appellant's guilty plea after Appellant admitted to *knowing* that this individual was underage. This specification is not at issue in this appeal.

offense of negligently providing alcohol to an underage individual in violation of Article 134, UCMJ.

## II.

"We review a military judge's acceptance of a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Simpson*, 77 M.J. 279, 282 (C.A.A.F. 2018).

## A.

We first turn to the legal question of what mens rea applies to the Article 134, UCMJ, offense of providing alcohol to a minor. *See United States v. Gifford*, 75 M.J. 140, 142 (C.A.A.F. 2016) (stating that the question of whether a mens rea requirement applies is a question of law).

The starting point for our analysis is, of course, the plain language of the statute. *Haverty*, 76 M.J. at 203–04. However, the text of Article 134, UCMJ, does not explicitly contain a mens rea requirement. *See Tucker*, 76 M.J. at 258. Moreover, there is no basis for us to conclude that Congress impliedly sought to purposefully omit a mens rea requirement for the Article 134, UCMJ, offense of providing alcohol to a minor. *See Gifford*, 75 M.J. at 144–46 (explaining why serving alcohol to a minor is not a public welfare offense).

Lacking any explicit or implicit guidance from Congress, we are required to read into the statute the lowest level of mens rea that "is necessary to separate wrongful conduct from otherwise innocent conduct." *Elonis*, 135 S. Ct. at 2010 (citation omitted) (internal quotation marks omitted). In doing so, we employ "broadly applicable scienter requirements." *Id.* at 2009 (citation omitted) (internal quotation marks omitted).

On appeal before this Court, the parties have offered two possible mens rea for the Article 134, UCMJ, offense of providing alcohol to minors; the Government argues for negligence and Appellant proposes recklessness. In resolving this issue, we begin by noting that the Supreme Court "ha[s] long been reluctant to infer that a negligence standard was intended in criminal statutes." *Elonis*, 135 S. Ct. at 2011 (citation omitted) (internal quotation marks omitted). Indeed, this Court has recognized in the context of Article 134,

UCMJ, that it is inappropriate to infer a negligence mens rea "in the absence of a statute or ancient usage." *United States v. Manos*, 8 C.M.A. 734, 735, 25 C.M.R. 238, 239 (1958) (citation omitted) (internal quotation marks omitted); *see also Parker v. Levy*, 417 U.S. 733, 754 (1974) (explaining that Article 134's "very broad reach" is narrowed by military authorities and by "less formalized [military] custom and usage").

In the instant case, the Government has failed to identify any statute, precedent, custom, or ancient usage that would cause us to conclude that negligence is the proper standard for the Article 134, UCMJ, offense of providing alcohol to minors. Therefore, we conclude that negligence is not the proper mens rea here.[3]

Although a negligence mens rea is insufficient, we conclude that a recklessness mens rea does sufficiently separate wrongful conduct from otherwise innocent conduct. In fact, it is the lowest level of mens rea that does so. *See Gifford*, 75 M.J. at 146–48. Specifically, a servicemember who provides alcohol to someone he honestly—but mistakenly—believes to be of legal drinking age will not be subject to conviction, but a servicemember who provides alcohol to someone while consciously disregarding the known risk will be subject to conviction.[4] Accordingly, we hold that recklessness is the proper mens rea for the Article 134, UCMJ, offense of providing alcohol to minors.

---

[3] To be clear, we are not holding that negligence can never be a mens rea for an Article 134, UCMJ, offense. *See United States v. Kick*, 7 M.J. 82, 84 (C.M.A. 1979) (explaining that negligent homicide is properly punishable under Article 134, UCMJ, in part because of the "'special need in the military'" given "'the extensive use, handling and operation in the course of official duties of such dangerous instruments as weapons, explosives, aircraft, vehicles, and the like'" (citation omitted)). We simply hold that negligence is an insufficient mens rea with respect to this particular Article 134, UCMJ, offense of providing alcohol to minors.

[4] Contrary to the Government's argument, we have no basis to conclude that this modest level of mens rea will unduly impinge on a commander's ability to impose good order and discipline. For instance, commanders may address purely negligent conduct through administrative action.

**B.**

Because recklessness is the appropriate mens rea, the military judge erred when he instructed Appellant on the mens rea of negligence during Appellant's plea colloquy. This error constitutes a substantial basis in law to question the providency of Appellant's guilty plea to negligently providing alcohol to a minor, in violation of Article 134, UCMJ. *See Simpson*, 77 M.J. at 282. As we have explained, there is no such Article 134, UCMJ, offense, and an accused cannot plead "guilty to conduct that was not criminal." *United States v. Ferguson*, 68 M.J. 431, 433 (C.A.A.F. 2010); *see also* Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2012) (stating that if an accused "has entered the plea of guilty improvidently," the military judge "shall proceed as though he ha[s] pleaded not guilty"). The military judge therefore abused his discretion in accepting Appellant's plea to negligently providing alcohol to a minor.[5] *Simpson*, 77 M.J. at 282 (explaining that "[a] ruling based on an erroneous view of the law is … an abuse of discretion").

**III.**

The decision of the United States Army Court of Criminal Appeals is reversed as to Specification 1 of Charge IV and the sentence. The finding of guilty to Specification 1 of Charge IV and the sentence are set aside. The record of trial

---

[5] Appellant's admission to conduct that facially satisfies a mens rea of recklessness does not save this guilty plea because the military judge instructed Appellant *only* on a negligence mens rea requirement and, as noted above, there is no Article 134, UCMJ, offense of negligently providing alcohol to minors. *See United States v. Thomasson*, 50 M.J. 179, 180 (C.A.A.F. 1999). Furthermore, (a) unlike in those cases where a military judge "*fail*[*ed*] to define correctly a legal concept or [*failed* to] explain[] each and every element of the charged offense to the accused in a clear and precise manner," here the military judge *affirmatively misstated* the applicable legal concepts and the elements of the charged offense, and (b) the record does not reflect that despite the erroneous explanation of the mens rea, Appellant otherwise "knew the [proper] elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (third alteration in original) (emphasis added) (internal quotation marks omitted) (quoting *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992)).

is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals. That court may either dismiss Specification 1 of Charge IV and reassess the sentence, or it may order a rehearing.