# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 STEVEN M. TUCKER**
**United States Army, Appellant**

ARMY 20150634

Headquarters, United States Army Cadet Command and Fort Knox
S. Charles Neill, Military Judge
Colonel E. Edmond Bowen, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA; Captain Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Major Marc B. Sawyer, JA (on brief).

6 March 2019

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

SALUSSOLIA, Judge:

This case returns to this court after remand. Our previous opinion is available at *United States v. Tucker*, 75 M.J. 872 (Army Ct. Crim. App. 2016).[1] Our superior court set aside that decision and remanded this case for a new review in light of

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to obstruct justice, one specification of sexual assault, two specifications of unlawfully providing alcohol to a person under the age of twenty-one, and one specification of obstruction of justice in violation of Articles 81, 120, and 134, Uniform Code of Military Justice [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for forty-two months. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and thirty-six months confinement.

*Elonis v. United States*, 135 S. Ct. 2001 (2015), and *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017). *United States v. Tucker*, 76 M.J. 257 (C.A.A.F. 2017).

On the first remand to this court, the findings of guilty and sentence were, again, affirmed. *United States v. Tucker*, 77 M.J. 696 (Army Ct. Crim. App. 2018).

Our superior court reversed that decision as to the finding of guilty for providing alcohol to minors, Specification 1 of Charge IV, and the sentence. *United States v. Tucker*, 78 M.J. 183 (C.A.A.F. 2018). The finding of guilty as to Specification 1 of Charge IV and the sentence were set aside. *Id*. at 186-87. The Court of Appeals for the Armed Forces' (CAAF) remand allows this court to either dismiss Specification 1 of Charge IV and reassess the sentence, or we may order a rehearing. *Id*. at 187.

**CONCLUSION**

We SET ASIDE and DISMISS Specification 1 of Charge IV. The remaining findings of guilty remain AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we affirm only so much of the sentence as provides for a bad-conduct discharge and confinement for thirty-five months.

All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge WOLFE concurs.

ALDYKIEWICZ, Judge, dissenting in part:

I concur with the decision to dismiss Specification 1 of Charge IV. I also concur the court is able to reassess the sentence. However, I respectfully dissent with the decision to grant appellant a one-month reduction in sentence. I would affirm the sentence approved by the convening authority and grant no sentence relief.

Dismissal of the specification at issue, providing alcohol to minors, an offense with a maximum punishment of four months confinement, reduces appellant's maximum exposure to confinement from forty years and eight months to forty years and four months. The military judge only sentenced appellant to a bad-conduct discharge and confinement for forty-two months. The convening authority,

pursuant to a pretrial agreement, limited the period of confinement to thirty-six months. The four month reduction in appellant's maximum exposure constitutes a 0.8% reduction in his confinement exposure.

The gravamen of appellant's crimes is unchanged. Dismissal of appellant's conviction for providing alcohol to minors does not change the aggravating facts and circumstances of this case. Appellant sexually assaulted a fellow soldier who was incapacitated due to alcohol, a fact known to appellant and one which he capitalized on to satisfy his own personal, sexual desires without regard to the physical, emotional, or psychological pain and suffering inflicted upon his victim. When talking to another soldier about his actions on the night in question, and prior to any idea that he might be in serious trouble, appellant noted that he "hit that last night," referring to having sex with PV2 T.G. Once appellant and his co-accused believed they were in trouble, they falsely reported to U.S. Army Criminal Investigation Command (CID) agents a sexual assault, accusing their victim of having sex with them against their will.

Further, all evidence related to the dismissed specification was admissible at trial as relevant facts and circumstances surrounding appellant's charge of sexual assault. As such, evidence that appellant provided alcohol to his victim before he sexually assaulted her, when she was not of legal age to drink alcohol, is an aggravating circumstance for consideration in determining appellant's sentence.

Accordingly, I find the penalty landscape unchanged and would not grant appellant any sentence relief.

FOR THE COURT:

SHELLEY GOODWIN-MATHERS
Acting Clerk of Court

3