# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL R. MOTTELER JR.**
**United States Army, Appellant**

ARMY 20180512

Seventh Army Training Command
Joseph A. Keeler, Military Judge
Lieutenant Colonel Joseph B. Mackey, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Zachary A. Gray, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain Christopher K. Wills, JA (on brief).

2 June 2020

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of attempted indecent recording and one specification of indecent exposure, in violation of Articles 80 and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920c [UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twenty months, and reduction to the grade of E-1.

On appeal before this court, appellant raises one assignment of error involving a matter of statutory construction:

---

[1] Judge Levin participated in this case while on active duty.

> WHETHER THE PLAIN-LANGUAGE READING OF
> ARTICLE 120c(c) MANDATES THAT IN ORDER TO BE
> GUILTY OF INDECENT [EXPOSURE], AN
> APPELLANT MUST BOTH INTENTIONALLY
> "EXPOSE" HIMSELF AND INTENTIONALLY DO SO
> "IN AN INDECENT MANNER."

For the reasons that follow, we find no error.

## LAW AND DISCUSSION

"The mens rea applicable to an offense is an issue of statutory construction, reviewed de novo." *United States v. McDonald*, 78 M.J. 376, 378 (C.A.A.F. 2019) (citing *United States v. Gifford*, 75 M.J. 140, 142 (C.A.A.F. 2016)). Where an appellant does not object at trial, he prevails only if his argument survives a plain error review. *See United States v. Haverty*, 76 M.J. 199, 208 (C.A.A.F. 2017). Reviewing a question of law de novo is not "mutually exclusive" of a plain error appellate review of unpreserved error. *See United States v. Davis*, 75 M.J. 537, 542 (Army Ct. Crim. App. 2015) (citing *United States v. Tunstall*, 72 M.J. 191, 193 (C.A.A.F. 2013)).

Under a plain error review, appellant has the burden of establishing: "(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Lopez*, 76 M.J. 151, 154 (C.A.A.F. 2017) (citation omitted). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it." *Id.* (citation omitted). "[F]ailure to establish any one of the prongs is fatal to a plain error claim." *Id.* (citing *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006)). For the third prong, "the appellant must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (citation and internal quotation marks omitted).

We begin our analysis by examining the language in the statute: "Any person subject to [the UCMJ] who intentionally exposes, in an indecent manner, the genitalia . . . is guilty of indecent exposure . . . ." UCMJ art. 120c(c). As this court recently noted, the elements of indecent exposure are: "(1) the appellant exposed his genitalia; (2) the exposure was intentional; and (3) the exposure was done in an indecent manner." *United States v. Hayes*, ARMY 20180165, 2019 CCA LEXIS 326, at *6 (Army Ct. Crim. App. 12 Aug. 2019) (citing Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-45c-3 (10 Sep. 2014) [Benchbook]). Indecent manner, in turn, is defined as "conduct that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." UCMJ art. 120c(d)(6).

2

Appellant contends that "intentionally" modifies not just "exposes," but also "in an indecent manner." His main argument appears to be that an adverb modifies not just the adjacent verb in a sentence, but also all subsequent elements in the statute. Appellant suggests this claim is supported by three cases in which the Supreme Court has considered the scope of the word "knowingly" in a criminal statute. We briefly discuss each below.

First, in *United States v. X-Citement Video, Inc.*, the Court construed 18 U.S.C. § 2252, which applies to a person who "knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 513 U.S. 64, 68 (1994). The Court held that the word "knowingly" applies to both "transports or ships" and "the use of a minor." *Id.* at 78.

Next, in *Flores-Figueroa v. United States*, the Court considered the scope of a federal criminal statute forbidding "aggravated identity theft." 556 U.S. 646, 649 (2009). Specifically, the Court considered 18 U.S.C. § 1028A(a)(1), which imposes a mandatory consecutive two–year prison term upon individuals convicted of certain other crimes if, during (or in relation to) the commission of those other crimes, the offender "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." *Id.* at 648. The Court held that the statute "requires the Government to show that the defendant knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" *Id.* at 647.

Finally, in *Rehaif v. United States*, the Court considered the scope of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), which prohibit aliens who are "illegally or unlawfully in the United States" from "knowingly violat[ing]" the law that prohibits them from possessing firearms. ___ U.S. ___, 139 S.Ct. 2191, 2194 (2019). The Court held that "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant [immigration] status when he possessed it." *Id.* at 2194.

Notwithstanding appellant's reliance on the aforementioned cases*,* none of these three cases provides significant guidance here. The Supreme Court did not hold that an adverb modifies everything that comes after it. Rather, the Court made the more limited observation that, "[a]s 'a matter of ordinary English grammar,' we normally read the statutory term 'knowingly as applying to all the subsequently listed elements of the crime.'" *Id.* at 2196 (citations omitted). In each case, the Court considered several factors to support its conclusion, including: (1) the "longstanding presumption" that a defendant must "possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct;" and (2) restricting the scope of the word "knowingly" would lead to "odd"

and even "absurd" applications of the statute. *Id*. at 2195; *Flores-Figueroa*, 556 U.S. at 650; *X-Citement Video*, 513 U.S. at 69. In yet another case, the Court stated that restricting the scope of "knowingly" would "criminalize a broad range of apparently innocent conduct." *Liparota v. United States*, 471 U.S. 419, 424-26 (1985).

These factors do not apply in this case, in which the critical term is "intentionally." Although there is a presumption that a criminal defendant must knowingly meet every element of the offense, appellant cites no authority for a presumption that a defendant must have a specific intent to commit an unlawful act. *Cf. United States v. Wilson*, 159 F.3d 280, 288 (7th Cir. 1998) (observing that "[t]he traditional rule in American jurisprudence is that ignorance of the law is no defense to a criminal prosecution," but that Congress may make exceptions for "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct") (internal quotations and alterations omitted).

A fair reading of Article 120c(c) makes it clear that the word "intentionally" does not modify the phrase "in an indecent manner." Rather, "intentionally" applies to someone who *intentionally exposes . . . genitalia . . . in an indecent manner*. If Congress had intended the result for which appellant advocates, it could have achieved that result simply by adding the word "intentionally" before "in an indecent manner." It did not do so.

As the government correctly points out in its brief, indecent exposure of a person was punishable under the Articles of War (as a violation of the General Article, Article 96), and a sample specification was included in the *Manual for Courts-Martial* as early as 1921. *A Manual for Courts-Martial* (4 Feb. 1921) [*MCM, 1921*], ch. XIII, ¶ 349; *MCM*, 1921, App'x 6, specification 165. When the UCMJ was enacted in 1951, indecent exposure remained listed in the table of maximum punishments and as a sample specification as a violation of Article 134, UCMJ. *Manual for Courts-Martial, United States* (1951 ed.) [*MCM, 1951*], ch. XXV, ¶ 127c; *MCM*, 1951, App'x 6c, specification 147.

In 1984, indecent exposure was added as an enumerated Article 134, UCMJ, offense based on existing case law. *MCM*, 1984, Punitive Articles analysis at A21-104; *United States v. Manos*, 8 U.S.C.M.A. 734, 25 C.M.R. 238 (1958) (holding that negligent exposure was not punishable under the code, and recognizing that the model specification contained a requirement, similar to many civilian jurisdictions, that indecent exposure required "intentional or willful conduct"). The listed elements in 1984 were: "(1) That the accused exposed a certain part of the accused's body to public view in an indecent manner; (2) That the *exposure* was willful and wrongful;" and (3) That the conduct was prejudicial to good order and discipline or service discrediting. *MCM*, 1984, pt. IV, ¶ 88.b. (emphasis added). The definition of "indecent" was almost identical in 1984 as the 2016 statutory

4

definition. *Compare MCM*, 1984, pt. IV, ¶ 90.c.; *with* UCMJ art. 120c(d)(6). Specifically, both provisions define "indecent," in part, as a "form of immorality" which is "repugnant to common propriety." *MCM*, 1984, pt. IV, ¶ 90.c.; UCMJ art. 120c(d)(6). Importantly, the prohibition has always focused on acts repugnant to society at large rather than only on acts the doer may find personally offensive.

Appellant's proposed interpretation of Article 120c(c), UCMJ, is not supported by the text or the structure of the statute. Nor is it supported by its legislative history. *See Shapiro v. United States*, 335 U.S. 1, 16 (1948) ("In adopting the language used in the earlier act, Congress 'must be considered to have adopted also the construction given by this Court to such language, and made it a part of the enactment.'") (citation omitted); *McDonald*, 78 M.J. at 380 ("We assume that Congress is aware of existing law when it passes legislation. Thus we must take into account [the] contemporary legal context at the time the statute was passed.") (citations and internal quotation marks omitted). Accordingly, we decline to read the statute to require an appellant to intend his exposure be done in an "indecent manner," and find no error, plain or otherwise.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5